May 20, 1907.

———————o———————

No. 4217.

(Court of Appeal, Parish of Orleans.)

A. G. CARRIERE vs. MRS. G. PITARD et als.

1. Where the law does not create a legal presumption of consent from certain facts, the question as to whether assent is to be implied from them or not must be left to the discretion of the judge.
2. The issues of fact herein are resolved against the plaintiff.

Appeal from Ciivl District Court, Division "E."

Dart & Kernan, H. P. Dart, Jr., for Plaintiff and Appellant.

Stafford, Lambert & Robinson, for Defendant and Appellee.

DUFOUR, J. The plaintiff sues to recover a broker's commission which he claims to be due him under a contract of date

371

August 24th, 1904, to sell certain real estate belonging to defendants.

The contract contains the following stipulation:

"At the expiration of six months I (defendant) shall notify you (plaintiff) in writing whether or not I desire to renew this contract, and my failure so to do shall operate as a renewal of his contract for a term of six months or more.

". . . . . . . I will pay you a commission of two per cent, whether you or I or any party sells."

The plaintiff made certain ineffectual attempts to sell the property, and, when the six months expired, was not notified by the defendant that the contract was at an end. In October 1905, two months after the renewal provided by the contract had expired, defendant sold the property directly to one Virgin, and it is not contended or shown that Carriere was the procuring cause of the sale. Plaintiff's argument is, in substance, that the words "my failure to do so shall operate as a renewal for six months or more," are intended to mean a renewal in perpetuity in the absence of a notice of revocation of the mandate.

We do not think so.

The contract on its face does not indicate any intention to have more than one renewal for six months, and the words "or more" are too vague and indefinite to indicate any special term. They may mean ten days or ten years.

The authorities cited as to the renewal of leases do not avail the plaintiff; they are rested, not only on the silence and inaction of the landlord, but also on the act of occupancy of the lessee. In this case, it is shown by the testimony of Virgin, the purchaser, that Virgin dealt directly with the Pitards and that Carriere and his sub-agents did not negotiate with him about that time. The record fairly warrants the conclusion that Carriere did not take any active steps in the matter, if he did not practically abandon all hope of selling the property, about the period of expiration of the renewal. Art. 1818 R. C. C. provides that "where the law does not create a legal presumption of consent from certain facts, then, as in the case of other simple presumptions, it must be left to the discretion of the judge, whether assent is to be implied from them or not.'

Applying the article to the circumstances of this case, we do not find that the silence of the defendant should assent to continue the obligation, when it appears that there was inaction on the part of the plaintiff. The provison of Art. 1817 R. C. C. cannot be invoked unless there be action on the one side and inaction on the other.

Judgment affiremed.

June 12th, 1907.

Rehearing refused June 28, 1907.